F I L E D
United States Court of Appeals
Tenth Circuit

AUG 8 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RUBEN GREGORY SANCHEZ,

    Defendant-Appellant.

No. 96-2153
(D.C. No. CIV-95-1299-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    We hereby withdraw the order and judgment filed in this case on July 11, 1997.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On June 28, 1993, Mr. Ruben G. Sanchez pled guilty to unlawfully, knowingly, and intentionally manufacturing more than one kilogram of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (1994), and to unlawfully and knowingly maintaining a place for the purpose of unlawfully manufacturing, storing, distributing, and using a methamphetamine mixture in violation of 21 U.S.C. § 856 (1994). Under the plea agreement entered into pursuant to Fed. R. Crim. P. 11(e)(1)(C), Mr. Sanchez and the government agreed to a sentence of ten years imprisonment. *See* Fed. R. Crim. P. 11(e)(1)(C) (in a plea agreement, the government and the defendant may "agree that a specific sentence is the appropriate disposition of the case"). On September 10, 1993, the district court sentenced him to 120 months imprisonment and five years of supervised release pursuant to the plea agreement.

On October 27, 1995, Mr. Sanchez filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Mr. Sanchez alleged his counsel was ineffective for failing to challenge the quantity of methamphetamine used by the district court in calculating his sentence and for failing to raise the relevant facts entitling him to a downward departure for diminished capacity, acceptance of responsibility, and aberrant behavior.

On March 11, 1996, the magistrate judge issued his Findings and Recommended Disposition recommending Mr. Sanchez's motion be denied. The magistrate judge found the government case was strong; if convicted at trial, Mr. Sanchez faced a possible sentence of 151-188 months imprisonment; faced with this possibility, Mr. Sanchez's counsel and the government entered into a plea agreement with a stipulated sentence of ten years (120 months) imprisonment; the district court sentenced Mr. Sanchez to the stipulated amount of time; and any argument by Mr. Sanchez's counsel to depart downward from the agreed upon sentence would have been a breach of the plea agreement. The magistrate judge concluded Mr. Sanchez's counsel's performance did not fall below an objective standard of reasonableness nor was there a reasonable probability that, but for counsel's alleged errors, Mr. Sanchez would have proceeded to trial rather than plead guilty. After de novo review, the district court adopted the magistrate judge's recommendation, denied Mr. Sanchez's § 2255 motion, and dismissed the action with prejudice.

On appeal, Mr. Sanchez, appearing *pro se*, challenges the district court's denial of his § 2255 motion. Mr. Sanchez reiterates his contention his counsel was ineffective for failing to challenge the quantity of methamphetamine used to

calculate his sentence.[1]  When reviewing the denial of a § 2255 motion, we review the district court's legal conclusions *de novo* and its findings of fact for clear error.  *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996).  "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo."  *Brewer v. Reynolds*, 51 F.3d 1519, 1523 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 936 (1996).

After a *de novo* review of the record, we hold the district court did not err in its findings of facts nor in its application of the law.  Therefore, we affirm the district court's dismissal of Mr. Sanchez's § 2255 motion for substantially the reasons set forth in the magistrate judge's Findings and Recommended Disposition of March 11, 1996, and the district court's Order of April 18, 1996, copies thereof being attached.

---

[1]  For the first time on appeal, Mr. Sanchez challenges the type of methamphetamine used to calculate his sentence.  However on appeal, we do not consider issues not raised or abandoned in the district court absent unusual circumstances not present in this case. *In re Walker (Walker v. Mather)*, 959 F.2d 894, 896 (10th Cir. 1992).

The appeal is **AFFIRMED.**[2]

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[2] Due to the Supreme Court's recent decision in *Lindh v. Murphy*, 117 S. Ct. 2159 (1997), the Anti-Terrorism and Effective Death Penalty Act of 1996 does not apply to cases such as this, that were pending on the effective date of the Act, April 24, 1996. Therefore, Mr. Sanchez is not required to obtain a certificate of appealability in order for us to reach the merits of his appeal.