UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30668
_____


Barry Williams,

                                    Petitioner-Appellant,

                    versus

    Burl Cain, Warden, Louisiana State Penitentiary; Richard P.
Ieyoub, Attorney General, State of Louisiana,

                                    Respondents-Appellees.

_____

    Appeal from the United States District Court for the
              Eastern District of Louisiana
_____
                    July 15, 1997


Before GARWOOD, BENAVIDES, and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:

    This appeal addresses whether the new prior certification requirement of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), applies to habeas corpus petitions that were filed in non-capital cases and were pending on the day the statute was enacted. *See* 28 U.S.C. § 2244(b)(3).  Concluding that § 2244(b)(3) of the AEDPA applied to pending petitions, the district court dismissed the subject petition without prejudice in order for the petitioner to comply with the Act's prior certification requirement.  For the

reasons that follow, we hold that § 2244(b)(3) of the Act does not apply to petitions filed in non-capital cases before the AEDPA was enacted. Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

## I. Background

In 1978, the petitioner, Barry Williams, was convicted by a Louisiana jury of second-degree murder. Williams was sentenced to life imprisonment, without the possibility of parole or probation for forty years. The Louisiana Supreme Court affirmed his conviction and sentence on direct appeal.

In 1989, Williams filed an application for a writ of habeas corpus in federal district court raising the same claims that he raised on direct review in state court. That petition was denied in April 1990. In 1991, Williams again sought post conviction relief in state court. Williams claimed that the trial court erroneously charged the jury and that he was denied his constitutional right to be present during all stages of the trial. After an evidentiary hearing, the state trial court denied relief. The Louisiana Supreme Court denied a supervisory writ.

Williams then filed the subject petition for habeas relief in federal district court. Although the district court received the petition on November 1, 1994, it was not stamped "filed" until April 22, 1996. In the petition, Williams argued that the trial court issued an erroneous jury instruction and that he was denied the right to be present at all stages of his trial.

2

After discovering that Williams's petition was successive, a magistrate judge issued a report and recommendation concluding that the petition should be dismissed. The magistrate noted that under the AEDPA, which was enacted on April 24, 1996, Williams was required to obtain a certificate from this court before filing a successive petition.[1] Therefore, the magistrate recommended that Williams's petition be dismissed without prejudice "pending appropriate certification by the Court of Appeals."

Williams responded that "at the time of the filing of the first federal habeas petition, [he] did not possess [n]or could he have reasonably obtained the relevant evidence to the claims as presented in the instant petition." Williams also objected to the magistrate's report and recommendation and argued that the new provisions of the AEDPA did not apply to his petition. The district court overruled Williams's objections, adopted the magistrate's report, and dismissed Williams's petition without prejudice.[2] On June 18, 1996, Williams timely filed his notice of

---

[1] The prior certification requirement of the AEDPA provides:

> (3)(A) Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(3).

[2] Alternatively, the magistrate recommended that the district court dismiss Williams's petition for failure to exhaust his claims

3

appeal.  The district court denied Williams's application for a certificate of appealability ("COA") under the AEDPA.

On December 27, 1996, this court granted Williams's request for COA "as to the district court's application of the successive-petition provision of the AEDPA to his pending § 2255 motion."  The parties were directed to brief the issue, and this appeal followed.

## II.  Discussion

In *Lindh v. Murphy*, — S. Ct. —, 1997 WL 338568 (June 23, 1997), the Supreme Court clarified the analysis governing the temporal reach of newly enacted legislation.  First, a court must ask whether new legislation contains a clear and unambiguous statement of Congress's intent to apply a new statutory provision to conduct that occurred before the statute was enacted.  Only a plain statement to this effect will defeat the traditional presumption against retroactive application of a statute.  *See id.* at **3-4 & n.4.

In the absence of a plain statement of the legislature's intent that a statute be applied retroactively, a court must ask whether normal rules of statutory construction suggest that a new provision applies to the case before it.  *Id.* at *4.  If normal rules of statutory construction suggest that a new provision does

---

in state court.  Williams argued in his objections to the magistrate's report and recommendation that his claims were exhausted, and provided appropriate citations to the state court record.  Nonetheless, the district court overruled Williams's objections and adopted the magistrate's report in its entirety.  Because our own independent review of the state court record establishes that Williams's claims were indeed exhausted, this basis for the district court's decision is vacated.

4

not apply to a particular case, the new provision is inapplicable.[3]

Only where traditional canons of interpretation suggest that a new statutory provision applies to a pending case is it necessary for a court to determine whether such application would have a retroactive effect.[4]  Because of the unfairness of imposing new burdens on people "after the fact," a statute that has a retroactive effect should not be applied to conduct that occurred before the statute was enacted.  *Landgraf*, 511 U.S. at 265-73.  On the other hand, if a new statute does not have the disfavored retroactive effect, a court should apply the law in effect when its decision is rendered, even though the applicable statute was enacted after the events that gave rise to the suit.  *Id.* at 273.

Pursuant to the preceding analysis, the *Lindh* Court applied the normal rules of statutory interpretation to determine whether § 2254(d) of the AEDPA applied to the petitioner's case.  1997 WL 338568 at **4-8.  The Court noted that sections 101-106 of the AEDPA amend sections 2244 and 2253-2255 of chapter 153 of Title 28

---

[3]   *See  id.*  ("Although *Landgraf*'s  default  rule  would  deny application when a retroactive effect would otherwise result, other construction rules may apply to remove even the possibility of retroactivity (as by rendering the statutory provision wholly inapplicable to a particular case)"); *id.* at *11 (Rehnquist, C.J., dissenting) (noting that the majority's analysis stops after concluding that traditional canons of statutory interpretation suggest that the new provisions do not apply).

[4] *See Landgraf v. USI Film Products*, 511 U.S. 244, 257-64, 280-93, 114 S. Ct. 1483, 128 L.Ed.2d 229 (1994) (acknowledging that the petitioner's textual argument in favor of application of the new statutory provisions at issue carried "some force" before declining to apply the provisions because of the retroactive effect that would result).

of the United States Code, governing all habeas corpus proceedings in federal courts. *Id.* at *4 (citing 110 Stat. 1217-21). The Court also pointed out that section 107 of the AEDPA creates an entirely new chapter 154, which enacts special rules governing collateral challenges to state capital proceedings that apply when states meet certain conditions. *Id.* (citing 110 Stat. 1221-26). Finally, the Court recognized that section 107(c) of the AEDPA explicitly provides that "Chapter 154 ... shall apply to cases pending on or after the date of enactment of this Act." *Id.* (quoting 110 Stat. 1226).

The negative implication of section 107(c) led the Court to conclude that "the new provisions of chapter 153 generally apply only to cases filed after the Act became effective." *Id.* at *8. The only exceptions to the general rule articulated by the Court were those situations "where chapter 154 otherwise makes select provisions of chapter 153 applicable to pending cases." *Id.* at *4. Because the petitioner's case did not implicate an exception to the general rule announced by the Court, § 2254(d) was held inapplicable. *Id.* at *8.

The instant case falls squarely within the general rule articulated in *Lindh*. The new successive petition provisions of the AEDPA are contained in section 106 of the Act, which amends chapter 153 of Title 28 of the United States Code. *See* 28 U.S.C. § 2244(b)(3) (quoted in note 1). Moreover, the subject petition cannot implicate section 154 because it does not present a

6

collateral challenge to a capital conviction in state court.[5] Accordingly, we hold that the prior certification requirement of the Act does not apply because the petitioner's application for a writ of habeas corpus was pending on April 24, 1996, the date the AEDPA was enacted.

## III.

For the foregoing reasons, the judgment of the district court is VACATED and this case is REMANDED for further proceedings consistent with this opinion.

---

[5] We do not reach whether the prior certification requirement applies to successive petitions filed prior to the AEDPA's enactment in cases otherwise governed by section 107. *See* 28 U.S.C. § 2262(c) (providing that if a stay of execution expires under certain articulated circumstances, "no Federal court thereafter shall have the authority to enter a stay of execution in the case, unless the court of appeals approves the filing of a second or successive application under section 2244(b)").