Ricardo **ARREDONDO**, Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

Nos. 96–2126, 96–2583.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 13, 1997.

Ricardo Arredondo, Federal Correctional Institute, Milan, MI, pro se.

Michael Hluchaniuk, Asst. U.S. Attorney, Janet L. Parker, Asst. U.S. Attorney, Office of the U.S. Attorney, Bay City, MI, for Respondent–Appellee.

Before: JONES, NELSON, and RYAN, Circuit Judges.

Ricardo Arredondo petitioned a district court to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and Mr. Arredondo appealed. His notice of appeal was construed as a request for a certificate of appealability, which request was denied by a single judge of this court.

**640**

Mr. Arredondo has now petitioned this court to rehear *en banc* the denial of a certificate of appealability. The petition has been referred to a panel of three judges on which the original deciding judge does not sit, as well as to all other active judges of the court. No judge having requested a vote on the request for rehearing *en banc*, the petition was referred to this panel for a determination on the merits of the petition for rehearing.

By amendment of 28 U.S.C. § 2253, Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996 imposed a requirement that § 2255 petitioners obtain certificates of appealability in order to appeal district court decisions denying relief. In *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), however, the Supreme Court held that Chapter 153 cannot be applied retroactively to cases pending on the enactment date of the statute, April 24, 1996.[1]

Mr. Arredondo filed his § 2255 petition on March 28, 1996. His case was pending at the time of enactment of the Death Penalty Act. Accordingly, he is not required to obtain a certificate of appealability in order to appeal the district court's judgment. See *United States v. Carter,* 117 F.3d 262, 264 (5th Cir. 1997) ("Following *Lindh,* we hold that § 2255 appellants are not subject to this COA requirement unless their § 2255 petitions were filed in the district court after the AEDPA's effective date of April 24, 1996").

The petition for rehearing is **GRANTED**. The Clerk shall set a briefing schedule and assign the case to a three-judge panel for disposition on the merits of the petition.

---

1. *Lindh* effectively overruled the portion of our decision in *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063 (6th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997), in which we held that the certificate of appealability requirement of § 2253(c) applies to cases pending on the date of enactment of the Death Penalty Act. *Lindh* has no effect, however, on our conclusion in *Lyons* that district judges have the authority to issue certificates of appealability under 28 U.S.C. § 2253(c)(1).