that way. However, within a block of turning the corner, the officer sees the man rob a store, and arrests the man. My intuition is that the evidence of that robbery could not be suppressed. However, that intuition is no less dicta than most of the discussion in Part II B of the court's opinion.

I would have preferred that we wait for a case whose facts would provide context for our consideration, leaving until that day the question of the circumstances in which "pre-contact" actions, whether denominated as "pursuit," "investigation," or "targeting", (or, as I think most accurate here, merely "noticing") could possibly violate the equal protection guarantee. We know that in *this* case, the officers' actions did not, and I think that is sufficient for today.

Recent decisions by the Supreme Court and the Sixth Circuit have clarified that a certificate of appealability is not needed in this case because the underlying § 2255 motion to vacate was filed in the district court on December 5, 1995, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No 104–132, 110 Stat. 1214 (1996). *See Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997), *Arredondo v. United States,* 120 F.3d 639, 640 (6th Cir. 1997). These decisions supersede this court's prior ruling denying the petitioner a certificate of appealability. Price may now raise on appeal any argument relevant to any claim that was properly asserted in the district court.

Accordingly, the petition for rehearing is granted. The clerk is directed to issue a briefing schedule

## Lawrence Windford PRICE, Petitioner–Appellant,

v.

## UNITED STATES of America, Respondent–Appellee.

### No. 96–4135.

United States Court of Appeals, Sixth Circuit

Nov. 3, 1997.

Before CONTIE, DAUGHTREY, and COLE, Circuit Judges.

### *ORDER*

Lawrence Windford Price petitions for rehearing of this court's order entered on May 29, 1997 That order denied Price's application for a certificate of appealability so that he might appeal the district court's order denying his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255.

## Allen Corey TERRY, Petitioner– Appellant,

v.

## UNITED STATES of America, Respondent–Appellee.

### No. 96–2294.

United States Court of Appeals, Sixth Circuit

Nov. 3, 1997.

Before MERRITT, WELLFORD and BOGGS, Circuit Judges.

### *ORDER*

Allen Corey Terry petitions the court to rehear en banc its order denying him a certificate of appealability and in forma pauperis status in his appeal from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255.