**John JAMISON, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent, et al. Respondents.**

**No. 99 CIV. 9424(NRB).**

United States District Court, S.D. New York.

March 6, 2002.

**ORDER**

BUCHWALD, District Judge.

In several prior opinions, this Court has considered the petition of John Jamison ("Jamison" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jamison's petition challenges his conviction in New York Supreme Court, New York County, on various counts of robbery, assault, and kidnapping. In an Opinion and Order dated March 13, 2001, this Court dismissed all of petitioner's claims with the exception of his claim for ineffective assistance of counsel. In an Order dated July 25, 2001, this Court ordered the expansion of the record pursuant to Rule 7 of the Rules Governing § 2254 Cases in the United States District Courts. In expanding the record, this Court specifically sought to learn (1) whether the plea offer of 15 years to life mentioned by the State at the conference of August 17, 1994, governed all three indictments of the petitioner, or only the first two; and (2) the nature of communications between petitioner and his counsel during the period between and including August 17, 1994, and November 2, 1994. This information was sought to resolve petitioner's claim that his counsel failed to timely inform him of a 15 year to life plea offer, and thereafter failed to notify the State of his desire to accept this offer. Upon receiving documentation expanding the record on these specific issues, we concluded in an Order of December 27, 2001, that the record did not support petitioner's ineffective assistance of counsel claim. Familiarity with the Court's prior orders is assumed.

Subsequent to the issuance of the December 27 Opinion, it was brought to the

Court's attention that the petitioner had not been sent copies of the affidavits submitted in the expansion of the record, as, of course, he should have been. Consequently, Jamison was afforded an opportunity to respond to these submissions. *See* Rule 7 of the Rules Governing § 2254 Cases (stating that the party against whom additional documentation is offered should be afforded "an opportunity to admit or deny their correctness"). Presently before the Court is petitioner's motion for reconsideration. For the following reasons, petitioner's motion is denied.

### 1. Petitioner's Response to Expansion of Record

Jamison makes several arguments intended to discredit the submissions provided in the expansion of the record. First, he argues that the affidavit of Assistant District Attorney Morrie I. Kleinbart ("Kleinbart") was insufficient for the purposes of the Court's inquiry into the circumstances surrounding the petitioner's plea, and that the Court should require the affidavit of Steven Losquadro, the prosecuting assistant district attorney.[1] Kleinbart was charged with the investigation into the circumstances surrounding petitioner's plea on behalf of the District Attorney's Office, as required by the Court's Order. Especially given the number of assistant district attorneys who played a role in the resolution of Jamison's underlying criminal case due to the State's use of a calendar assignment system, Kleinbart's affirmation of the results of his investigation as well as the documentary evidence

he provided from the State's record are more than adequate for the purposes of the Court's Order.

Second, Jamison argues that Assistant District Attorney Catherine Jones' suggestion at the conference of August 17, 1994, that they call the presiding assistant and her statement that "the notes are not clear" indicates an ambiguity in the documentary record with respect to the plea offered. On the contrary, when viewing the record in its entirety, and not as deceptively excerpted by petitioner, it is clear that the issue being discussed at that time was the scheduling of the State's motion for consolidation of the indictments against petitioner. In fact, Jones quite clearly indicates in that colloquy that the offer of 15 to life was rejected by defendant and that since there are *now* three indictments, the offer had increased to 30 to life. *See* Tr. of Aug. 17, 1994 Conference at 4.

Third, Jamison argues that his position that he was never offered an available plea by his attorney R. Franklin Brown ("Brown") is strengthened by Brown's statement in his affirmation that he now recalls that at the conference of September 28, 1994, he mistakenly believed that the last offer was 15 to life for all charges. *See* Pet'r's Aff. at 7–9; Brown Aff. ¶ 6, Tr. of Sept. 28, 1994 Conference at 4–5. However, Brown also explains in the affidavit produced in the expansion of the record that though he was mistaken at that time, he never had a chance to speak with his client that day about the offer, and the next day he realized his mistake after

---

1. Petitioner correctly points out that the Court never received an affidavit from Assistant District Attorney Steven Losquadro, though Kleinbart's affidavit indicated that one would be sent. However, given that Kleinbart's affidavit simply explained the attached documentary evidence relied on in our Opinion of December 27, namely the arraignment information sheets and log of court appear-

ances found in petitioner's file, it was more than sufficient for the Court's purposes in ordering the expansion of the record. Petitioner's further argument attaching significance to Kleinbart's alternating references to "notes" and "arraignment information sheets" is overly precise and unpersuasive as well. *See* Pet'r's Aff. at 4.

speaking with the assistant. *See* Brown Aff. ¶ 6. Further, even if Brown had mistakenly communicated such offer to petitioner, there can be no prejudice because Jamison would not have been able to accept an offer that never existed.[2]

Finally, petitioner requests that a hearing be held. Rule 8 of the Rules Governing § 2254 Cases provides that,

> [T]he judge...shall, upon a review of [the transcript and record of state court proceedings] and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

I ordered the expansion of the record because, at that time, there was simply an insufficient record to determine the merits of Jamison's petition. Having now reviewed the persuasive evidence provided by the State, it is clear that Jamison's right to effective assistance of counsel was not violated by the failure to advise him of a plea offer, because the plea offer that he suggests he would have taken was never offered. An evidentiary hearing is therefore not required.

### 2. Petitioner's Remaining Ineffective Assistance of Counsel Claim

■ Petitioner correctly notes that one aspect of his ineffective assistance of coun-

sel claim has not been addressed by this Court. Jamison argues that he was denied the effective assistance of counsel because Brown failed to advise him of viable defenses, namely that the recovered weapons were toy guns and that the perpetrator in most of the robberies wore a mask. *See* Pet. at 30; Pet'r's Aff. at 6–7. Petitioner argues since use of toy guns is a defense to first degree robbery under N.Y.P.L. § 160.15, Brown's failure to advise him of this was deficient. *See* Pet. at 32–33. He also argues that since the perpetrator usually wore a ski mask, his lawyer should have advised him that this would make identifications "virtually impossible," providing yet another defense. *See* Pet. at 32.

■ Jamison's challenge to the validity of the plea is governed by a two part test. *Panuccio v. Kelly*, 927 F.2d 106, 108 (2d Cir.1991). First, Jamison must show that counsel's representation fell below an objective standard of reasonableness. *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 56–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Second, Jamison must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* In determining whether an attorney acted competently in recommending a plea, one factor that a court may consider is the likelihood of success a given defense would have had at trial.[3] *Id.* at 109.

---

**2.** Petitioner argues that as the calendar assistant for that day did not correct Brown in his mistaken statement that 15 to life had been offered on all three indictments, he did suffer prejudice because had he been present at that conference, he would have been able to take advantage of the calendar assistant's lack of knowledge. However, we find Jamison's argument highly speculative, as it is very unlikely that the calendar assistant would have failed to pick up on Brown's mistake if the proceeding was an actual plea, rather than a casual inquiry by the judge as to the offer on the table. Moreover, this argument is simply an-

other way to argue a violation of Jamison's constitutional right to be present at critical events, an allegation that was already dismissed in this Court's Opinion of March 13, 2001.

**3.** As explained by the Second Circuit, where counsel reasonably believed that a defense "had almost no chance of success and would expose [defendant] to the risk of serious additional punishment on other charges," while it is better to inform a defendant of such defenses, the failure to do so is not "outside the range of competence demanded of attorneys

Petitioner's arguments are unavailing because he cannot show that even if his attorney did fail to alert him to such defenses, such a failure falls below objective standards of reasonableness. In short, Jamison has not shown that these defenses were in fact viable. While Jamison has produced police reports indicating that in at least some of the robberies, a ski mask was worn, he has not shown and nor does he assert this to be true in every case. *See* Pet. at 32. Given that Jamison was identified by at least two victims and his fingerprints were found at the scene of at least one of the robberies, his attorney may have logically concluded that the identification defense was not viable, at least with respect to some of the robberies.[4] *See* Brown Aff. ("After analyzing the case, I did advise Mr. Jamison that it would require a miracle for him to be acquitted of all of the 20 robberies so he should accept a plea offer.") Furthermore, the evidence suggests that at least in some of the robberies, Jamison seriously injured his victims, rendering unavailable an affirmative defense based on the use of a toy gun for those crimes. *See* N.Y.P.P. § 160.15. Therefore, because Jamison has neither shown that these defenses were available to him nor that he would not have pleaded had he known about them, we find his ineffective assistance of counsel claim without merit.

### 3. Certificate of Appealability

Petitioner has also moved for leave to appeal this Court's decision with respect to his claim for relief. For the reasons discussed herein, as well as in prior opinions, petitioner has failed to make a substantial showing of the denial of a Constitutional right. Therefore, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also United States v. Perez,* 129 F.3d 255 (2d Cir.1997); *Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997), *rev'd in part,* 129 F.3d 255 (2d Cir.1997). Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–5, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Therefore, petitioner's motion for an order allowing him to appeal this Court's decision is denied.

**IT IS SO ORDERED.**

---

in criminal cases." *Panuccio,* 927 F.2d at 109 (citing *Mitchell v. Scully,* 746 F.2d 951, 957 (2d Cir.1984)). Further, in order to prove prejudice, a defendant needs more than an after-the-fact claim that he would have gone to trial if he had known of the defense, a claim that raises "obvious credibility problems." *Id.* (citing *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.), *cert. denied,* 488 U.S. 843, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988)).

4. We note as well that as Jamison's actual guilt may be assumed, he presumably was aware of the use of a ski mask during the robberies and didn't need to be apprised of this "defense" by his attorney.