**UNITED STATES of America,**

v.

**Hector RAMIREZ, Defendant.**

**No. 98 CR. 558(RPP).**

United States District Court,
S.D. New York.

Feb. 26, 2004.

---

Daniel J. Gotlin, Gotlin & Jaffe, Daniel Meyers, New York, NY, for Defendant.

## OPINION AND ORDER

PATTERSON, District Judge.

Defendant Hector Ramirez moves the Court to grant him an additional two level decrease, from Level 28 to Level 26, and to reduce his sentence from 78 months to 63 months in accordance with Amendment 640 to United States Sentencing Guideline § 2D1.1(b)(6), which became effective November 1, 2002.

## I. BACKGROUND

On October 21, 1999, the Court entered a judgment of conviction against the defendant based on his plea of guilty on December 10, 1998 to one count of conspiracy to distribute heroin and one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Judgment # 99,2558, filed Oct. 25, 1999.) Defendant pleaded guilty (Tr. of Dec. 10, 1998 Plea Hearing at 15, 17) pursuant to a plea agreement that stipulated to his involvement in a conspiracy to sell at least ten, but less than thirty, kilograms of heroin. (*See* Revised Pre-Sentence Investigation Report, dated Sept. 7, 1999 ("PSR"), ¶¶ 5(b), 79.)

## II. DISCUSSION

Defendant is not entitled to a two level reduction in his sentence. As shown in the PSR, the defendant's base offense level was 36 (U.S.S.G. § 2D1.1(c)(2)), from which a deduction of three levels was made pursuant to U.S.S.G. § 3B1.2 based on his minor to minimal role in the offense. (*See* PSR at 13–14; Tr. of Oct. 21, 1999 Sentencing Hearing ("Sentencing Tr."), at 9.) A deduction of two levels was made pursuant to U.S.S.G. § 2D1.1(b)(6) because the defendant met the criteria set forth in subdivisions (1)-(5) of U.S.S.G. § 5C1.2 (the "Broderick provision" or "safety valve"),[1] to reach an adjusted offense level of 31. (*See* PSR at 13–14; Sentencing Tr. at 9.) From there, three levels were deducted under U.S.S.G. § 3E1.1 for Defendant's acceptance of responsibility, to arrive at a total offense level of 28, which called for a sentence of 78 to 97 months under the 1998 guidelines, as the defendant was in Criminal History Category I. (*See* PSR at 14; Sentencing Tr. at 9.) The

---

1. Hon. Vincent L. Broderick of this Court was instrumental in getting the Sentencing Commission and Congress to adopt U.S.S.G.

§§ 5C1.2 and 2D1.1(b)(6), and 18 U.S.C. § 3553(f).

Court in fact sentenced Defendant to 78 months, the minimum sentence under the guidelines. (Sentencing Tr. at 11.)

In view of the defendant meeting the five criteria of U.S.S.G. § 5C1.2 and because defendant's offense level was above level 26, under U.S.S.G. § 2D1.1(b)(6) (1998), the Court was empowered to sentence the defendant, not to the applicable mandatory minimum of 120 months, but to 78–97 months. In the 1998 U.S.S.G., Section 2D1.1(b)(6) reads in full:

> If the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level 26 or greater, decrease by 2 levels.

U.S.S.G. § 2D1.1(b)(6) (1998).

Defendant incorrectly argues that he "did not receive a downward adjustment under U.S.S.G. § 2D1.1(b)(6) because he was not subject to a mandatory minimum sentence." (Def.'s Mot. for Modification, dated Nov. 27, 2002, at 2.) As the Court noted at time of sentence, defendant, in fact, was subject to the statutory mandatory minimum of ten years. (Sentencing Tr. at 8.)

Defendant's motion is based on Amendments 624 and 640 to U.S.S.G. § 2D1.1(b)(6), which became effective November 1, 2001 and November 1, 2002, respectively. Effective November 1, 2001, Amendment 624 struck from U.S.S.G. § 2D.1(b)(6) the language "and the offense level determined above is level 26 or greater," so that a defendant no longer needed to have an adjusted offense level of at least 26 to be eligible for the Broderick provision. *See* U.S.S.G. § 2D1.1(b)(6) (2001) (Reason for Amendment, Amendment 624) ("This amendment expands the eligibility for the two level reduction in subsection (b)(6) of § 2D1.1 ... for persons who meet the criteria set forth in § 5C1.2 ... to include defendants with an offense level less than level 26 [because] limiting the applicability of this reduction to defendants with an offense level of level 26 or greater is inconsistent with the general principles underlying this two level reduction.").

Effective November 1, 2002, Amendment 640 amended the Commentary to § 2D1.1(b)(6), which added the following language under Application Note 21: "The applicability of subsection (b)(6) shall be determined without regard to whether the defendant was convicted of an offense that subjects the defendant to a mandatory minimum term of imprisonment." U.S.S.G. § 2D1.1(b)(6) (2002) (Commentary); *see also* U.S.S.G. § 2D1.1(b)(6) (2002) (Reason for Amendment, Amendment 640) ("The amendment provides an application note that clarifies that the two level reduction under 2D1.1(b)(6) does not depend on whether the defendant is convicted under a statute that carries a mandatory minimum term of imprisonment.").

In this case, defendant has already received the benefit of a two-level reduction under 2D1.1(b)(6) and thus is not entitled to any benefit from the recent amendments to § 2D1.1(b)(6). Amendment 624, if it were retroactive, would only apply to a defendant who had not previously received a two-point reduction because he had an offense level under 26.

Furthermore, the defendant's motion must be denied because the courts are not permitted to give retroactive application to Amendments 624 or 640. Title 18, United States Code, Section 3582(c)(2) allows a reduction of a term of imprisonment if the defendant's sentence was based on a sentencing range which was subsequently lowered by the Sentencing Commission only if the Amendment is listed in U.S.S.G.

§ 1B1.10(c). *United States v. Perez,* 129 F.3d 255, 258–259 (2d Cir.1997) (*citing* 18 U.S.C. § 3582(c)(2)). Amendments 624 and 640 are not listed in U.S.S.G. § 1B1.10(c) of the sentencing guidelines. U.S.S.G. § 1B1.10(c). Accordingly, the Court is not permitted to give them retroactive application.

## III.  CONCLUSION

In short, the defendant has shown no grounds to convict or reduce the sentence imposed on October 21, 1999 under 18 U.S.C. § 3582, U.S.S.G. § 2D1.1(b)(6), or Rule 35 of the Federal Rules of Criminal Procedure. Accordingly, the defendant's motion is denied.

IT IS SO ORDERED.