McMahon, C.J.:
Petitioner Hernando Estevens Montoya Guzman was charged by indictment with conspiring to import a kilo or more of heroin into the United States from Columbia (Count One), and with distributing that heroin in the New York City area (Count Two). Guzman pleaded guilty to Count Two, and was sentenced to 151 months' imprisonment.
Before the Court is Guzman's pro se petition to correct, vacate, or set aside his sentence, pursuant to 28 U.S.C. § 2255. Guzman's petition is practically incomprehensible. Much of his memorandum appears lifted from other unrelated legal briefs pieced together in a wholly disjointed fashion. That said, Guzman appears to argue that his counsel provided ineffective assistance in connection with his guilty plea and sentencing because he failed to: (1) challenge the Indictment based on the fact that the Government did not prove the involvement of "bath salts" that had "similar effects" to other controlled substances, Def. Pet. 7; (2) challenge the application of a two-point enhancement under the sentencing Guidelines pursuant to U.S.S.G. § 3B1.1, Def. Pet. 11(c) while failing to advise the petitioner of his right to be "physically present in all stages," Def. Pet. 11; (3) challenge "relevant (role) in the conspiracy," Def. Pet. 19; and (4) challenge the Indictment on the grounds that it did not support a "finding of drug quantities," which "might have led to a lower sentence in light of this case," Def. Pet. 12.
Guzman's arguments are without merit-there is no need for a hearing.
Legal Standards
Section 2255 Motions
Under Section 2255 of Title 28, United States Code, a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence on the ground that such sentence was illegally imposed. 28 U.S.C. § 2255(a). The statute permits the sentencing court to deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id. at 2255(b) ).
Ineffective Assistance
To prevail on a claim of ineffective assistance of counsel, a defendant must both (1) show that his counsel's representation "fell below an objective standard of reasonableness" under "prevailing professional norms" and overcome a "strong presumption" that his counsel's conduct was reasonable, and (2) "affirmatively prove prejudice" by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Strickland v. Washington , 466 U.S. 688, 688-89, 693-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Only if both elements are satisfied can a defendant demonstrate that his counsel "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that the defendant was, *399 as a result, deprived of a fair proceeding. Id. at 687, 104 S.Ct. 2052.
Under the first prong of the Strickland analysis, the reviewing court " 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that 'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.' " United States v. Aguirre , 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland , 466 U.S. at 689, 104 S.Ct. 2052 ) (alterations omitted). And, as is pertinent here, "failure to make a meritless argument does not rise to the level of ineffective assistance" of counsel. United States v. Kirsh , 54 F.3d 1062, 1071 (2d Cir. 1995), citing United States v. Javino , 960 F.2d 1137, 1145 (2d Cir. 2009).
To prove the second Strickland prong - prejudice from inadequate representation - where the movant asserts that his attorney's deficient performance induced him to enter the plea agreement and plead guilty, the movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart , 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Where "petitioner [does] not allege in his habeas petition that, had counsel correctly informed him about [the plea agreement], he would have pleaded not guilty and insisted on going to trial," the second Strickland prong is not met. Id. at 60, 106 S.Ct. 366 ; see also Lafler v. Cooper , 566 U.S. 156, 132 S.Ct. 1376, 1384-85, 182 L.Ed.2d 398 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.").
Guzman's Ineffective Assistance Claims
"Bath Salts?"
Guzman appears to argue that his counsel should have challenged the Indictment based on the Government's purported failure to prove the type of drug involved in the conspiracy-arguing (I believe) that the Government failed in this regard because it did not prove that the substance distributed was not actually "bath salts" or some other substance rather than heroin. Interspersed within this same argument, petitioner claims that the Government also failed to prove that he possessed the "mens rea" required to be guilty of the charged crime. Def. Pet. 5-6.
While Guzman's arguments in the instant petition are muddled and hard to discern, the statements he made during his guilty plea proceeding are crystal clear and unambiguous: "From approximately April 2013 up to approximately January of 2015, I made an agreement to possess, with the intent to distribute, and in fact, I did distribute one kilogram of heroin. At the time that I trafficked in heroin, I knew it was illegal to do so." Plea Transcript, Docket 43 at 17. When asked whether he understood that he had a "right to plead not guilty to the charges in the Indictment," Guzman responded, "Oh, no, I am guilty, I do understand." Id. at 8. Guzman acknowledged that he distributed heroin (not some other substance), and that he knew distributing heroin was illegal. Accordingly, his arguments about "bath salts," and that the Government failed to prove that he possessed the requisite mens rea are meritless.
Guzman's Guidelines/Right to be Present Arguments
Once again conflating two disparate arguments into one, Guzman claims that his counsel was ineffective because he "did not challeng[e] the 2-level enhancement *400 § 3B1.1(c)" and "did not advise" the petitioner concerning being "physical[y] present in all stage[s]." Def. Pet. 11. As to the Sentencing Guidelines' two-point enhancement for Guzman's role as a leader, manager, or supervisor in the charged conspiracy-which was applied pursuant to a signed plea agreement-Guzman raises no viable reason why counsel could or should have contested its applicability, At his plea proceeding, Guzman acknowledged that he read and signed his plea agreement; that the agreement was translated into Spanish for him; that his counsel explained all of its terms; and that he understood that the plea agreement contained "an analysis" of the applicable sentencing guidelines, which yielded a "sentencing range in your case [of] 135 to 168 months." Plea Transcript, Docket 43 at 14. Petitioner also acknowledged that he was satisfied with his attorney's representation and that he had a "full opportunity" to discuss the case and the "consequences of pleading guilty" with his lawyer." Id. at 5. Accordingly, there is nothing in the record, or in the instant petition, to suggest that counsel was deficient or objectively unreasonable in failing to object to the applicability of this or any other Guidelines enhancement.
As to the Guzman's vague assertions regarding a failure to provide advice concerning being "physical[ly] present at all stages," these claims are baseless-Guzman was present at all court appearances in his case.
Guzman's Role in the Offense
Guzman's claim that counsel was ineffective for not challenging his "role" in the conspiracy is as baseless as his argument concerning the applicable two-point Guidelines enhancement pursuant to U.S.S.G. Section 3B1.1 (c). Guzman does not identify any cognizable basis that would have supported such a challenge, other than to assert broadly and without explanation that counsel "had in his possession documents that the Movant was not even § 3B1.1(c) Leader," which Guzman then describes as "documents that verified the Government never prove or specified what substance Contain Metham- [sic] may be SALT BATH, or other controlled substances such as Methamphetamine, Coca Base or Other Drug of Controlled Substance Schedules II." Such vague, incomprehensible, and incredible assertions do not suffice to allege ineffective assistance of counsel.
Drug Quantity
Guzman argues that counsel was ineffective in failing to challenge the Government's "finding of drug quantities" and/or its purported use of the phrase "approximately" in regard to drug quantities in the PSR. Def. Pet. 14. Guzman does not explain how the Government's allegations concerning drug quantity were flawed or how any such flaws affected the PSR. Nor does he identify where the Government purportedly used the phrase "approximately" to describe drug quantities. Guzman never objected to the relevant drug quantities at his plea, to the Probation Office during the preparation of the Presentence Report, or at his sentencing proceeding. Moreover, as noted above, Guzman stated during his plea that he was satisfied with the representation of his lawyer. His sudden assertions to the contrary lack credibility.
Failure to Demonstrate Prejudice
Even assuming arguendo that counsel's performance was deficient, Guzman cannot demonstrate prejudice, because he cannot show that the outcome in his case would have been different but for the purportedly incompetent advice he received. Nowhere in the petition does Guzman declare that he "would have insisted on going to trial" but for his counsel's alleged errors. See *401 Hill , 474 U.S. at 59, 106 S.Ct. 366. Instead, he says only that a challenge to the Government's alleged drug quantities "would have led to a lower sentence in light of this case." Def. Pet. 12. Guzman does not and cannot demonstrate that a plea offer that included a Guidelines calculation of lower drug quantities would have been available to him, and in any event, nowhere states that he was prepared to contest the charge in the Indictment at trial.
Conclusion
Petitioner's motion to vacate or set aside his conviction and sentence is denied.
The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. Section 2253(c)(2) ; see United States v. Perez , 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying petitioner's motion would not be taken in good faith. See Feliz v. United States , 2002 WL 1964347, at *7 (S.D.N.Y. 2002).
This constitutes the order of the Court.