**Wallace MATURA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 94 Civ. 6923 (DNE).

United States District Court, S.D. New York.

Feb. 6, 1995.

Wallace Matura, pro se.

*OPINION & ORDER*

EDELSTEIN, District Judge:

Petitioner, Wallace Matura, brings this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1]

1. In relevant part, § 2255 states:

A prisoner in custody under sentence of a court established by Act of Congress claiming

## BACKGROUND

On October 18, 1989, petitioner and his co-defendant Philip Harris were arrested after Harris handed a bag containing two quart bottles filled with phencyclidine ("PCP") to an informant and an undercover Drug Enforcement Administration ("DEA") agent who were sitting in a car on 137th street in Manhattan. In this drug transaction, Matura allegedly acted only as a lookout and wheelman.

After a jury trial, petitioner was convicted of conspiracy to distribute and possess with intent to distribute more than one kilogram of PCP in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Petitioner was also convicted of distributing and possessing with intent to distribute more than one kilogram of PCP in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Pursuant to the Federal Sentencing Guidelines, this Court sentenced petitioner to a ten-year term of imprisonment, followed by a five-year term of supervised release.

Thereafter, petitioner appealed his convictions. In an unpublished opinion, the Court of Appeals for the Second Circuit affirmed petitioner's convictions.

Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Petitioner contends that he is entitled § 2255 relief because his trial counsel was ineffective. Petitioner claims that his trial counsel made several errors. First, petitioner contends that trial counsel "failed to perform an adequate and timely pre-trial factual and legal investigation." (Petitioner's motion ¶ 10(a).) Second, petitioner claims that counsel "failed to timely and properly file a pre-trial motion for severance from co-defendants." *Id.* Third, petitioner contends that his counsel "failed to investigate, consider, or present concrete physical evidence as to petitioner's automobile that was a part of this case and which would have explained why petitioner was outside of it—which was

a crucial question in this case." *Id.* Fourth, petitioner contends that his counsel "failed to investigate, consider, or present evidence" that petitioner was legitimately employed and did not work as a drug dealer. *Id.* Fifth, petitioner claims that his trial counsel failed "timely and adequately [to] question the main prosecutorial witnesses" regarding the fact that petitioner allegedly did not fulfill the standard profile for a lookout in a drug case. *Id.*

For the reasons discussed below, all of petitioner's claims are without merit, and therefore, petitioner's motion is denied.

## DISCUSSION

■ Petitioner's claim of ineffective assistance of counsel is within the scope of § 2255 because his claim alleges that his sentence was imposed in violation of the Constitution of the United States. *See* 28 U.S.C. § 2255 (petitioner may bring a § 2255 motion on the ground that his sentence was imposed in violation of the Constitution of the United States).

The sixth amendment to the Constitution guarantees criminal defendants the right to counsel. As the Supreme Court has noted, "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The right to counsel protects a defendant's right to a fair trial because "access to counsel's skill and knowledge is necessary to accord defendants ... 'ample opportunity to meet the case of the prosecution.'" *Id.* at 685, 104 S.Ct. at 2063. (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275–76, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)). Because counsel plays such a crucial role, the Supreme Court has recognized that "'the right to counsel is the right to the

the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.
*See also* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 1 advisory committee's note (comparing § 2255 motion with writ of habeas corpus).

effective assistance of counsel.'" *Id.* at 686, 104 S.Ct. at 2063 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970)). Thus, if a defendant's counsel fails to render adequate legal assistance, the defendant's sixth amendment · rights are violated. *See id.* (citing *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980)).

The Supreme Court has established a two-part test for determining whether an attorney's representation constitutes ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. at 2064. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

To satisfy the first prong of the *Strickland* test, a defendant must show that "his attorney's performance 'fell below an objective standard of reasonableness.'" *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064). The Supreme Court has eschewed articulating a rigid set of standards for determining whether an attorney's conduct is reasonable, stating instead that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065.

■ The Supreme Court has, however, explained the method that a federal court should employ in determining whether an attorney's performance was reasonable. The Court has instructed that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). This presumption is necessary because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a

particular act or omission of counsel was unreasonable." *Id.* at 689, 104 S.Ct. at 2065 (citation omitted). Further, a court may not use hindsight in evaluating whether an attorney's conduct was reasonable. *See Id.*

With the standard for ineffective assistance of counsel in clear view, each of petitioner's claims is examined in turn.

### 1. Failure To Conduct an Adequate Investigation

■ Petitioner contends that counsel was ineffective because counsel "failed to perform an adequate and timely pre-trial factual and legal investigation." (Petitioner's Motion ¶ 10(a).) Petitioner claims that, because of this failure, he "was prevented from having a fundamentally fair trial; and, but for these failures the results would have been different." *Id.*

Because this claim is merely a conclusory allegation, petitioner has failed to establish that his counsel's performance was deficient. Petitioner's bald assertion that counsel should have conducted a more thorough pre-trial investigation fails to overcome the presumption that counsel acted reasonably. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). A mere conclusory allegation is insufficient to substantiate a § 2255 motion. *See United States v. Romano,* 516 F.2d 768, 771 (2d Cir.) (holding that district court properly rejected petitioner's § 2255 motion, which alleged prosecutorial misconduct, because the motion was based on conclusory allegations), *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975); *United States v. Malcom,* 432 F.2d 809, 812 (2d Cir.1970) (district court may deny petitioner's § 2255 motion without a hearing "where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false, or patently frivolous") (citations omitted); *see also United States v. Holmes,* 44 F.3d 1150, 1158 (2d Cir.1995) (rejecting defendant's argument that counsel's "shortcomings" denied defendant effective assistance of counsel because defendant "cannot satisfy either prong of the

*Strickland* test without specifying what the 'shortcomings' are").

In the instant case, petitioner's claim that counsel failed to conduct an adequate investigation is entirely conclusory. Although petitioner contends that a more thorough investigation would have established his innocence, petitioner has failed to allege any facts that support this contention. Petitioner has not stated why his counsel's investigation was inadequate, what his counsel should have investigated, what this investigation would have produced, or how the fruits of this investigation would have aided petitioner's case. Petitioner has entirely failed to overcome the strong presumption that his counsel acted reasonably, and therefore, petitioner's claim is meritless.

### 2. Failure To Sever Petitioner's Trial from the Trial of His Co–Defendants

Petitioner claims that counsel "failed to timely and properly file a pre-trial motion for severance from co-defendants." (Petitioner's Motion ¶ 10(a).) As a result of this alleged failure, petitioner claims that he was unable to call one of his co-defendants as a defense witness. *See id.* Moreover, petitioner contends that if his co-defendant had testified on his behalf, then petitioner could have offered credible testimony of his own innocence. *See id.*

Petitioner's claim is meritless because, as noted in petitioner's appellate brief, trial counsel made a timely motion to sever. (Brief for Appellant Matura at 25, *United States v. Harris*, 90–1490 (2d Cir.1990) ("Counsel for Mr. Matura thereupon made a timely severance motion. . . .") (footnote omitted); *Id.* at 10 ("On March 26, 1990, counsel for Mr. Matura made a motion for severance. . . ."); *see also id.* at 11 ("Matura's counsel renewed his severance motion at the end of the government's case and prior to the Court's charge.").) In fact, when petitioner appealed his conviction, he argued that this Court had erred in failing to grant his motion to sever. *See id.* at 24–28. Because there is no factual basis for petitioner's claim that his attorney failed to make a timely motion to sever, petitioner's claim is without merit.

### 3. Failure To Investigate Evidence Regarding Petitioner's Automobile

Petitioner contends that his counsel "failed to investigate, consider, or present concrete physical evidence as to petitioner's automobile that was part of this case and which would have explained why petitioner was outside of it—which was a crucial question in this case." (Petitioner's Motion ¶ 10(a).)

Once again, petitioner has made a bald assertion that fails to demonstrate that his counsel's performance was deficient and that fails to overcome the presumption that counsel acted reasonably. *See Strickland,* 466 U.S. at 687, 689, 104 S.Ct. at 2064, 2065. Petitioner has not alleged any facts that support his argument. Petitioner does not explain what counsel should have investigated, considered, or presented. Moreover, petitioner does not explain how such investigation, consideration, or presentation would have helped to cast doubt on petitioner's guilt. Instead, petitioner bases his argument on the conclusory allegation that if his counsel had acted differently, the jury's verdict would have been different. As previously discussed, a conclusory allegation of this kind is insufficient to substantiate a § 2255 motion. *See United States v. Romano,* 516 F.2d 768, 770 (2d Cir.), *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975); *United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir.1970). Because petitioner has failed to demonstrate that his counsel's performance was deficient, petitioner's claim is meritless.

### 4. Counsel's Alleged Failure to Present Evidence that Petitioner Was Legitimately Employed

Petitioner contends that he was denied effective assistance of counsel because his attorney failed to "investigate, consider, or present evidence of petitioner's legitimate livelihood of support for months prior to this offense and that living was not supported by any illegal drug activities." (Petitioner's Motion ¶ 10(a).)

Because petitioner has failed to satisfy both parts of the *Strickland* test, his argument is meritless. Under the first part of the *Strickland* test, petitioner must demonstrate that counsel's performance was deficient. In the instant case, defense counsel did not act unreasonably in failing to present evidence that petitioner held a legitimate job. The central issue in this case was whether petitioner acted as a lookout and a wheelman in a specific drug transaction. Three DEA agents testified that petitioner had acted in these capacities. Defense counsel could reasonably have believed that evidence of petitioner's employment would do little to counter this testimony. Indeed, counsel may have feared that such evidence might have opened the door to damaging cross-examination.

Petitioner has also failed to demonstrate that trial counsel's alleged error prejudiced petitioner's defense. Under the second part of the *Strickland* test, "the defendant must show that [counsel's] deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Even if petitioner had established that he was legitimately employed, the outcome of the trial would not have been different. Petitioner was convicted based on his participation in a single narcotics transaction. At trial, three DEA agents testified that they saw Mr. Matura participate in this transaction. Thus, even if Mr. Matura had presented evidence at trial that he held a legitimate job, such evidence would not cast a reasonable doubt on the agents' testimony.

Therefore, petitioner's claim is meritless.

### 5. *Failure To Question Witnesses Regarding the Fact that Petitioner Allegedly Did Not Fulfill the Profile of a Lookout in a Drug Case*

Petitioner contends that he was denied effective assistance of counsel because "[c]ounsel failed to timely and adequately question the main prosecutorial witnesses as to petitioner's complete lack of fulfilling the 'look-out person' drug profile behavior as is recognized by the DEA and federal courts nationwide."

Once again, petitioner's argument fails to satisfy both prongs of the *Strickland* test. First, petitioner has not demonstrated that his counsel acted unreasonably in failing adequately to cross-examine the prosecution's witnesses regarding petitioner's failure to fulfill the DEA's profile of a lookout in a drug case. Under a *Strickland* analysis, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). In the instant case, petitioner has failed to overcome this presumption. In defending petitioner at trial, counsel's primary objective was to cast doubt on the testimony of the three DEA officers who testified that they saw petitioner participate in a narcotics transaction. A reasonable attorney might well choose not to pursue a line of questioning regarding the DEA profile because it had little bearing on the case. Moreover, a reasonable attorney might also decline to ask such questions on cross-examination for fear of opening the door to damning testimony. *See United States v. Dukes,* 727 F.2d 34, 42 (2d Cir.1984) (attorney's failure to cross-examine a prosecution witness was reasonable where attorney could conclude that such cross-examination "might make [the witness] move closer to the government's position").

Further, petitioner has not demonstrated that he suffered any prejudice, and thus petitioner has failed to satisfy the second prong of the *Strickland* test. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 ("defendant must show that the deficient performance prejudiced the defense"); *United States v. Reiter,* 897 F.2d 639, 645 (2d Cir.) (although defendant demonstrated that his counsel acted unreasonably by inadequately cross-examining a witness, defendant failed to demonstrate that he was denied effective assistance of counsel because "given the overwhelming evidence of [defendant's] guilt, he was not prejudiced by [counsel's] performance"), *cert. denied* 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34, 498 U.S. 868, 111 S.Ct. 186, 112 L.Ed.2d 149, 498 U.S. 990, 111 S.Ct. 533, 112 L.Ed.2d 543 (1990). The Government's case against petitioner was not based on the fact

that petitioner looked like a lookout in a drug case. Rather, the Government's case was based on the testimony of three DEA agents who witnessed petitioner's participation in a narcotics transaction. Even if petitioner's attorney could have established on cross-examination that petitioner does not fit the DEA's profile of a lookout, such testimony would not have cast a reasonable doubt on the strong evidence of petitioner's guilt.

Accordingly, petitioner's § 2255 motion is DENIED.

SO ORDERED.