**Wallace MATURA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 94 Civ. 6923(DNE).**

United States District Court,
S.D. New York.

Sept. 28, 1999.

---

**6.** 1 F.Supp.2d 256.

**7.** *See id.* at 266.

**8.** *Id.* at 267.

**9.** *See id.*

Wallace Matura, Leavenworth, KS, pro se.

---

### OPINION & ORDER

EDELSTEIN, District Judge.

Petitioner William Matura ("Petitioner" or "Matura"), *pro se,* brings this present motion pursuant to Federal Rules of Civil Procedure ("Rules") 60(a) and 60(b) to vacate his convictions and sentence. For the reasons stated below, Petitioner's motion is Denied.

### Background

A jury convicted Petitioner of conspiracy to distribute and possess with intent to distribute more than one kilogram of phencyclidine ("PCP") in violation of 21 U.S.C. §§ 812, 841(a)1, and 841(b)(1)(A). The jury also found Matura guilty of possessing with intent distribute more than one kilogram of PCP in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). This Court sentenced Matura to a ten-year term of imprisonment followed by a five-year term of supervised release. Petitioner appealed his convictions, and in an unpublished opinion, the Court of Appeals for the Second Circuit affirmed.

Petitioner then moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, asserting that his trial counsel was ineffective. Petitioner asserted five claims to support his ineffective assistance of counsel allegation. On February 6, 1995, applying the two-part test for determining whether an attorney's representation constitutes ineffective assistance of counsel that the Supreme Court established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), this Court issued an opinion denying Matura's habeas petition and ruling that his claims were without merit. *See Matura v. United States,* 875 F.Supp. 235 (S.D.N.Y.1995).

On November 30, 1994, Petitioner sent a letter to the Pro Se Office, inquiring about the status of his habeas petition. *See* Motion for Reconsideration (Rule 60(b) of Federal Rules of Civil Procedure) or Relief from Judgment or Order from Clerical Mistakes (60(a) of Federal Rules of Civil Procedure) ("Petitioner Mem.") at Ex. B. On February 6, 1995, the same day that this Court issued its opinion responding to Matura's habeas petition, Matura received a letter from Richard Wilson, the Pro Se Clerk, informing Matura that his habeas petition was still pending and that when a decision was made he would be notified by mail. *See* Petitioner Mem. at Ex. C. Petitioner states that he discovered that this Court dismissed his habeas petition in November 1996, when he spoke with a Ms. Martinez in the Clerk's Office. *See* Petitioner Mem. at 2, 3. On January 27, 1997, Petitioner received a copy of this Court's Opinion and Order denying his habeas claims. *See id.*

On December 4, 1997, Petitioner filed the present motion, purportedly framed as a Rule 60(b) motion, or in the alternative, a Rule 60(a) motion. While Rule 60(b) offers six possible bases upon which a court may relieve a party from a final judgment, *see* Fed.R.Civ.P. 60(b), Petitioner fails to highlight or discuss any of them. Moreover, although Petitioner also asserts a Rule 60(a) claim for relief based on a clerical mistake, he similarly does not address the substance of a Rule 60(a) argument. Instead, in the introduction of his motion, Matura states that

he is acting pursuant to Rules 60(a) and 60(b) and then proceeds to reargue the same five claims for ineffective assistance of counsel that he included in his habeas petition and that this Court deemed meritless.

### Discussion

Petitioner's instant motion contains both procedural and substantive deficiencies.

#### 1. Rule 60(b) Motion as an Appeal:

 Petitioner is attempting to appeal this Court's denial of his habeas petition, rearguing his habeas claims and labeling them a Rule 60(b) motion. The Second Circuit has held that a petitioner may not use a Rule 60(b) motion as a substitute for a timely appeal. *See Matarese v. LeFevre,* 801 F.2d 98, 107 (2d Cir.1986); *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986); *see also Veloz v. New York,* 98 Civ. 0567, 1999 WL 642883, at *3 (S.D.N.Y. August 24, 1999). As Rule 60(b) affords a petitioner "extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer,* 793 F.2d at 61. Here, Petitioner inappropriately disguises his appeal of his habeas petition, the time for which has lapsed, as a Rule 60 motion without demonstrating to this Court any exceptional circumstances necessitating extraordinary judicial relief. As such, Petitioner's instant motion is procedurally barred.

#### 2. Petitioner's Claim Under Rule 60(b):

 Even if this court were to consider Matura's motion under a Rule 60(b) standard, his claims are still inadequate. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, a court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Although Matura does not set forth any arguments to support any of the six bases for relief, this Court will liberally construe Matura's motion to find a Rule 60(b) argument as *pro se* pleadings are analyzed under a lesser standard than those drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

#### a. Rule 60(b)(1):

 Under a generous interpretation of Petitioner's motion, this Court finds an argument pursuant to Rule 60(b)(1), which provides for relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R.Civ.P. 60(b). Petitioner appears to be suggesting that when the Pro Se Clerk mistakenly notified him by letter dated February 6, 1995 that his habeas petition was still pending when, in fact, this Court had dismissed the petition that same day, it was sufficiently material to warrant this Court's relief from his convictions and sentence. Effectively, Petitioner is maintaining that because he received incorrect information regarding the status of his habeas petition, this Court should grant his habeas petition.

 This argument fails because the type of mistake that Petitioner is offering is drastically different from the kind of mistake that Rule 60(b)(1) addresses. Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment. *See Fetik v. New York Law School,* 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999). The mistake that Matura cites is not material as it occurred after this Court's issuance of its opinion denying Matura's habeas petition and could not have affected this Court's decision. Thus, Petitioner's contention under Rule 60(b)(1) "does not present exceptional circumstances that would justify relieving [Petitioner] from the effect of the final judgment." *Id.*

b. Rules 60(b)(6):

■ Rule 60(b)(6) provides Petitioner with the only other viable option under Rule 60(b) that he could pursue to obtain relief. Clause (6) offers relief to a party for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). The Second Circuit has stated that Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme hardship, and when the asserted grounds for relief are not recognized in clauses (1)—(5) of the Rule." *Nemaizer*, 793 F.2d at 63 (citations omitted). Nowhere in his motion papers does Petitioner satisfy the requirements of Rule 60(b)(6). Matura neither demonstrates to this Court extraordinary circumstances nor offers this Court anything other than a harmless mistake regarding the status of his habeas petition. Moreover, because Rule 60(b)(6) applies only when the other five subsections are not available, Petitioner may not argue mistake as grounds for relief under Rule 60(b)(6), as mistake should be properly argued, if at all, under Rule 60(b)(1). Accordingly, Petitioner's arguments under Rule 60(b) are substantively incorrect.

3. Raising Claims Already Litigated:

■ In deciding a Rule 60(b) motion "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987). The bulk of Petitioner's motion reargues the same five claims that Petitioner raised in his habeas petition alleging ineffective assistance of counsel. Matura effectively asks this Court to vacate an earlier judgment while offering nothing more than arguments that this Court has already carefully analyzed and justifiably disposed. *See Matura*, 875 F.Supp. at 236–39. Matura did not present any new evidence; there has been no intervening change of controlling law; and there is nothing to indicate a need to correct a clear error or to prevent manifest injustice. A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because Petitioner

is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources. Thus, the policy in favor of finality of this Court's prior judgment definitely outweighs reopening and re-litigating Petitioner's exact claims.

4. Petitioner's Claim Under Rule 60(a):

■ Petitioner asks this Court to consider Rule 60(a) as an alternative basis for granting him relief from his convictions and sentence. Matura misconstrues and misapplies Rule 60(a) as well. Rule 60(a) states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed.R.Civ.P. 60(a). The purpose of Rule 60(a) is to address clerical mistakes that appear on the face of a court's opinion or otherwise affect the accurate intentions of the court. *See Alston v. Quik Park Garage Corp.*, 97 Civ. 0067, 1999 WL 529541, at* 1 (S.D.N.Y. July 23, 1999); *Polanco v. W. Allan*, 93–CV–1498, 1996 WL 377074, at *1 (N.D.N.Y. July 5, 1996). Rule 60(a) is "a means of modifying ... judgments in order to ensure that the record reflects the actual intentions of the court and the parties." *Employers Mut. Casualty Co. v. Key Pharmaceuticals, Inc.*, 886 F.Supp. 360, 363 (S.D.N.Y.1995); *accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994).

■ Here, Petitioner asserts that the notification he received from the Pro Se Clerk on February 6, 1995, stating that his habeas petition was still pending, was a mistake justifying relief from judgment. That this Court had dismissed petitioner's habeas petition on February 6, 1995, and, therefore, the letter petitioner received contained misinformation, had no effect on this Court's judgment. Because the opinion that this Court issued accurately reflected this Court's intention, the mistake that Matura asserts is not a "clerical" error within the meaning of Rule 60(a). Accordingly, Petitioner may not rely on that subsection as a basis for relief.

*Conclusion*

Awarding relief pursuant to Rule 60(b) or 60(a) remains within the sound discretion of the district court. *See Paddington Partners,* 34 F.3d at 1140; *Veloz,* 1999 WL 642883, at *2, *3. Thus, for the aforementioned reasons, all of Petitioner's claims are Denied as procedurally and substantively barred.