Russell E. AVEDIS, Plaintiff,

v.

Alexis M. HERMAN, Secretary,
U.S. Department of Labor,
Defendant.

No. 98 Civ. 778(RWS).

United States District Court,
S.D. New York.

April 28, 2000.

Russell E. Avedis, Forest Hills, NY, pro se.

Honorable Mary Jo White, United States Attorney for the Southern District of New York, New York City (David S. Jones, Assistant U.S. Attorney, of counsel), for defendants.

Office of the Solicitor, U.S. Department of Labor, Washington, DC (Pamela S. Silverman, of counsel).

*MEMORANDUM OPINION*

SWEET, Senior District Judge.

Plaintiff Russell E. Avedis ("Avedis") has moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for reconsideration of this Court's prior opinion and relief from the judgment dismissing this action for failure to state a cause of action. For the reasons set forth below, the motion will be denied.

***Background and Prior Proceedings***

The facts and prior proceedings in this action are set forth in a prior opinion of this Court, familiarity with which is assumed. *See Avedis v. Herman,* 25 F.Supp.2d 256 (S.D.N.Y.1998). In the opinion, the Court determined that the procedures of the Secretary of Labor and of the Employees' Compensation Review Board for weighing medical evidence to determine whether a "disagreement" between physicians existed that warranted obtaining a referee opinion constituted a plausible interpretation of 5 U.S.C. § 8123(a) and did not violate a clear statutory mandate. *See id.* at 265.

The instant motion was filed on December 14, 1999. Additional papers were received through January 26, 2000, at which point the motion was deemed fully submitted.

***Discussion***

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6)

**478**

any other reason justifying relief from the *operation of the judgment.* The motion shall be within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

"Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words it should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986) (*quoting Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)). A motion under Rule 60(b) is directed to the "sound discretion" of the district court. *See id.; Matarese v. Le Fevre,* 801 F.2d 98, 106–07 (2d Cir. 1986).

In support of his motion, Avedis has filed a five-page affirmation, in which he maintains (1) that the Court's ruling is inconsistent with the legislative history of 5 U.S.C. § 8123 dating back to 1916; (2) that the Court was mistaken in its determination that were Avedis to prevail in this action, it would require the Secretary of Labor to send any beneficiary to a referee medical examination whenever the beneficiary secured even a minimal indication by any non-specialist that could be claimed to be inconsistent with even the most thorough evaluation by a highly-qualified physician on which the Secretary intended to rely; and (3) that the Court's reliance on *Summey v. United States Dep't of Labor,* Civ. A. No. 88–2492 (D.D.C. Feb. 28, 1989) was misplaced because of a factual distinction.

Avedis does not indicate which of the six bases for relief under Rule 60(b) apply to this motion. However, subsections (2), (3), (4), and (5) of Rule 60(b) are clearly inapplicable; none of his three contentions for reconsideration fall within those subsections. Subsections (1) and (6) are considered below.

Rule 60(b)(1) "affords a party relief from a material mistake that changed the outcome of the court's judgment." *Matura v. United States,* 189 F.R.D. 86, 89 (S.D.N.Y.1999) (*citing Fetik v. New York Law School,* 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999)). Avedis's first two grounds for relief were raised in nearly identical form in his prior affirmation submitted in opposition to Defendants' motion to dismiss. Those grounds were fully considered by the Court in the course of rendering the decision to dismiss the action. Avedis's third ground for relief is immaterial. The factual distinction in *Summey* (where plaintiff did not qualify for disability in the first instance) has no bearing on the proposition for which the opinion was cited by this Court as persuasive authority. Moreover, *Summey* provided merely secondary support for this Court's previous conclusion; even if *Summey* were genuinely distinguishable on its facts, it would not affect the result in this case. For these reasons, Avedis has provided no basis under Rule 60(b)(1) for relief from the judgment.

Rule 60(b)(6) authorizes reconsideration for "any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(6). "[B]ecause of the potentially broad scope of [60(b)(6) ], relief should only be granted where the moving party has demonstrated 'extraordinary circumstances' or 'extreme hardship.'" *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 897 (2d Cir.1983) (citations omitted). Avedis has made no such showing here.

### Conclusion

For the reasons set forth above, Avedis's motion is denied.

It is so ordered.