UNITED STATES of America, Plaintiff,

v.

Jose SILVA, a/k/a "Jose Felipe Silva," Absalon Gonzalez, a/k/a "Absalon Gonzalez–Jimenez," and Carlos Correa, a/k/a "Carlos Luis Correa," Defendants.

No. 94 Cr 78(JES).

United States District Court, S.D. New York.

Sept. 29, 2004.

James B. Comey, United States Attorney, Southern District of New York, Joan M. Loughnane, Assistant United States Attorney, of counsel, New York, NY, for Plaintiff.

Jose Silva, Federal Correctional Institution Loretto, Loretto, PA, pro se.

Carlos Correa, Federal Correctional Institution Loretto, Loretto, PA, pro se.

Absalon Gonzalez, FCC–Coleman (LOW), Coleman, FL, pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendants in the above-captioned action have submitted *pro se* Letter Briefs dated January 10, 2002, November 30, 2002, and November 21, 2002, respectively, to the Court seeking reductions in their sentences imposed by this Court in March and April 1996. The Government has submitted a Memorandum of Law dated April 17, 2003 in opposition to defendants' briefs, arguing that the Court is without jurisdiction to grant the reduction that defendants seek. Because the Court agrees that it lacks jurisdiction to reduce defendants' sentences, the Court denies defendants' motions.

### BACKGROUND

On May 12, 1995, after a two-week jury trial, defendants were found guilty of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), as well as 18 U.S.C. § 2. Defendant Silva was sentenced on March 26, 1996 to a term of 235 months imprisonment, based on a sentencing guidelines base offense level of 38. Defendants Gonzalez and Correa, who were sentenced on March 13, 1996 and April 1, 1996, respectively, were each sentenced to 210 months imprisonment after this Court adjusted their base offense level to 36 to reflect their minor roles in this criminal activity.

Each of the defendants now move to reduce their respective sentences in light of amendments to the United States Sentencing Guidelines.

## DISCUSSION

This Court has been granted jurisdiction to modify terms of imprisonment by 18 U.S.C. § 3582(c).[1] In instances when sentencing ranges have been lowered by the Sentencing Commission subsequent to sentencing, § 3582(c)(2) permits the Court to "reduce the term of imprisonment," but only "*if* such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added).

Section 1B1.10 of the United States Sentencing Guidelines provides the relevant policy statement. That section provides:

Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

*Id.* § 1B1.10(a). Therefore, subsection (c) of this section lists the only amendments that this Court has the jurisdiction, under 18 U.S.C. § 3582(c)(2), to apply retroactively. *See, e.g., United States v. Perez,* 129 F.3d 255, 258–59 (2d Cir.1997) (finding § 3582 inapplicable because the amendment that the defendant relied upon was not listed in § 1B1.10(c) of the Guidelines).

In this case, defendants rely on amendment 640 to the Sentencing Guidelines. Effective as of November 1, 2002, this amendment modified § 2D1.1(a)(3) of the Guidelines by providing that defendants who received mitigating role adjustments in drug trafficking cases would be limited to a base offense level of 30. Defendants thus request that their sentences be reduced in accord with this provision to a term of imprisonment between 97 and 121 months. *See* U.S.S.G. § 5.A.

A glance at § 1B1.10(c) reveals that amendment 640 is not one of the listed amendments. As such it does not meet the requirements of the Sentencing Commission's policy statement, and, more importantly, it therefore does not allow this Court to exercise jurisdiction pursuant to 18 U.S.C. § 3582(c)(2). *See Perez,* 129 F.3d at 258–59.

Defendant Silva's reliance on amendment 640 is also misplaced for another reason. Having not received a mitigating role adjustment at sentencing, Silva does not fulfill the prerequisite for application of the amendment. U.S.S.G. app. C, amend. 640 (limiting the base offense level only for those defendants who received a mitigating role adjustment). Silva seeks to overcome this impediment by contending that he now deserves a mitigating role adjustment pursuant to amendment 635 to the Sentencing Guidelines. Amendment 635, which modified the commentary to U.S.S.G. § 3B1.2, cleared up an uncertainty that existed in the availability of mitigating role adjustments. U.S.S.G. app. C, amend. 635. Amendment 635 is not listed in § 1B1.10(c). Therefore, it, like amendment 640, cannot be applied retroactively

1. Defendant Silva points out in his Traverse to the Government's Memorandum of Law that he never explicitly relied on § 3582 and instead moved pursuant to *United States v. Segler,* 37 F.3d 1131 (5th Cir.1994). Even if one completely ignores the non-binding na-

ture of this out-of-circuit ruling, the *Segler* decision stands for nothing more than that § 3582 relief is available and can, as discussed *infra,* provide for the retroactive application of amendments to the Sentencing Guidelines. *Id.* at 1134.

on a motion to modify sentence pursuant to § 3582(c).

Defendants attempt to clear this straightforward statutory hurdle by arguing that amendments 635 and 640 are "clarifying amendments" and thus may be applied retroactively on a motion to modify sentence, despite their absence from § 1B1.10(c). This argument is without merit. As the Second Circuit made clear in *United States v. Perez*, § 3582(c)(2) relief is only available where the amendment that is relied upon is listed in § 1B1.10(c). *Perez*, 129 F.3d at 258–59. There is no exception in this provision for clarifying amendments. *See id.; see also United States v. Baez*, 89 Cr. 133, 2002 WL 1163575, at *2, 2002 U.S. Dist. LEXIS 9869, at *4 (S.D.N.Y. May 31, 2002); *Vasquez v. United States*, No. 89 Cr. 478, 2001 WL 668933, at *3, 2001 U.S. Dist. LEXIS 7831, at *11 (S.D.N.Y. June 12, 2001) ("The Second Circuit ... has specifically declined to retroactively apply clarifying but non-Section 1B1.10 amendments on motions for modification."). Therefore, this argument must be rejected and this Court is without jurisdiction to reduce the defendants' sentences.[2]

### CONCLUSION

For the foregoing reasons, the Court denies defendants' motions for reductions of their respective sentences.

It is **SO ORDERED**.

---

2. Defendant Silva also argues that his Letter Brief should be considered a petition made pursuant to 28 U.S.C. § 2255. As the Government points out, Silva's claim would be time-barred since it was filed later than one year subsequent to the Supreme Court's denial of his certiorari petition in the original action, which occurred on October 6, 1997. *Silva v. United States*, 522 U.S. 880, 118 S.Ct. 206, 139 L.Ed.2d 142 (1997). No other statutory tolls are available in this case. 28 U.S.C. § 2255. Defendants Gonzalez and Correa do not raise § 2255. Both are statutorily barred under § 2255, absent certification by an appropriate court of appeals pursuant to 28 U.S.C. § 2244, given that both have already filed and lost on such petitions, on August 6, 2001 and July 10, 1998, respectively.